# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT BOWLING GREEN
# CIVIL ACTION NO. 1:18CV-P156-GNS

**BARBARA SCHAMBON**                                                        **PETITIONER**

**v.**

**JANET CONOVER, WARDEN**                                         **RESPONDENT**

## MEMORANDUM OPINION

This matter is before the Court on a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Barbara Schambon (DN 1). In the cover letter enclosing the petition (DN 1-2), Schambon states the petition was a second or successive habeas corpus petition and that she recently had filed a motion in the Sixth Circuit Court of Appeals seeking authorization to file a second or successive habeas petition in accordance with 28 U.S.C. § 2244(b)(3). She asserts that she was uncertain if her motion filed in the Sixth Circuit tolled the one-year statute of limitations governing her § 2254 petition, which she reports would have expired on December 7, 2018. She requests the Court to "hold" her petition "till [she] can find out from the federal circuit-court if they will give permission to allow the 2254[] to proceed." A review of the Sixth Circuit docket shows that the Sixth Circuit denied Schambon's motion for an order authorizing a second or successive § 2254 petition on January 4, 2019. *See In re: Barbara Schambon*, No. 18-5653 (DN 7).

"Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3)

authorization from [the Sixth Circuit Court of Appeals], the district court shall transfer the document to [the Sixth Circuit Court of Appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). However, when the appeals court has already denied a motion for authorization to file a second or successive petition, transferring the petition to the appellate court would be futile. *Harris v. Warden, Chillicothe Corr. Inst.*, No. 3:15-cv-1792015, 2015 U.S. Dist. LEXIS 98359, at *2 (S.D. Ohio July 28, 2015) ("Because the Sixth Circuit has already refused permission for a second or successive petition, transferring the case to that court under *In re Sims*, 111 F.3d 45 (6th Cir. 1997), would be a futile act."), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 139899 (S.D. Ohio Oct. 14, 2015); *see also Robles v. Lempke*, No. 09-CV-2636 (AMD) (JO), 2018 U.S. Dist. LEXIS 42091, at *10 (E.D.N.Y. Mar. 14, 2018) ("Of course, if the Second Circuit has already denied certification, any transfer to the Second Circuit for certification would be futile.") (internal quotation marks omitted). Therefore, because the Sixth Circuit has already denied Schambon's motion for authorization to file a second or successive petition, transferring the instant petition to the Sixth Circuit would be futile.

Finding that this Court is not authorized to consider the instant petition under § 2244(b)(3)(A), the § 2254 petition must be dismissed.

**CERTIFICATE OF APPEALABILITY**

In the event that Schambon appeals this Court's decision, she is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002). When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that

jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date: March 1, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Petitioner, *pro se*
　　Respondent
4416.010

3